Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4619 N. Ravenswood Ave., Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
DENA PHILLIPS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| DENA PHILLIPS,          ) | |
|          ) | |
|     Plaintiff,     ) | **Case No.:** |
|    v.         ) | |
|          ) | **PLAINTIFF'S COMPLAINT** |
| ENHANCED RECOVERY COMPANY,    ) | |
| LLC,          ) | |
|          ) | |
|     Defendant.    ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DENA PHILLIPS ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the

Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

9. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

10. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in Strathmore, Tulare County, California.

13. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

14. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

16. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

17. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

18. Defendant is a collection agency located in Jacksonville, Duval County, Florida.

19. Defendant is a business entity engaged in the collection of debt within the State of California.

20. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

21. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

22. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

23. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

24. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

25. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

26. Defendant is attempting to collect an alleged debt owed by Plaintiff's husband that originated with AT&T.

27. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

28. In or around December 2013, Defendant began placing collection calls to Plaintiff.

29. Defendant calls Plaintiff of Plaintiff's cell phone at 559-519-xxxx, and Plaintiff's husband's cell phone at 559-761-xxxx, in an attempt to collect the alleged debt.

4

30. Defendant calls Plaintiff from 800-861-6045, which is one of Defendant's numbers.

31. Defendant calls at an annoying and harassing rate, calling Plaintiff and her husband every day.

32. In or around December 2013, Plaintiff's husband called Defendant and spoke with one of Defendant's collectors.

33. During the aforementioned conversation, Defendant's collector demanded immediate payment of the alleged debt without informing Plaintiff's husband of his right to dispute the alleged debt.

34. During the aforementioned conversation, Plaintiff's husband disputed the alleged debt.

35. During the aforementioned conversation, Defendant's collector threatened to garnish Plaintiff's husband's wages if he did not pay the alleged debt.

36. During the aforementioned conversation, Defendant's collector told Plaintiff's husband Defendant would seek alternative ways to have the alleged debt paid if Plaintiff's husband did not pay.

37. Plaintiff's husband took this to mean Defendant would initiate legal action against him if he did not pay the alleged debt.

38. During the aforementioned conversation, Plaintiff's husband requested Defendant stop calling.

39. Despite Plaintiff's husband's dispute and request, Defendant continued to call Plaintiff and Plaintiff's husband.

40. Defendant called Plaintiff using an autodialer system.

41. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

42. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

43. Plaintiff and her husband never provided their cellular telephone numbers to Defendant and never provided their consent to Defendant to be contacted on their cellular telephones.

44. If Defendant at one time had consent to place calls to Plaintiff and her husband's cellular telephone numbers, it no longer has consent to call Plaintiff and her husband after being instructed to cease all calls to them.

45. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

46. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

47. Plaintiff and Plaintiff's husband are not customers of Defendant's services, and have never provided any personal information, including their cellular telephone numbers, to Defendant for any purpose whatsoever.

48. Accordingly, Defendant never received Plaintiff's or her husband's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff or her husband's cellular telephones pursuant to 47 U.S.C. 227(b)(1)(A).

49. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff and her husband for their non-payment of the debt Plaintiff's husband allegedly owes.

50. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant, Plaintiff, and Plaintiff's husband.

51. The natural consequences of Defendant's statements and actions was to cause Plaintiff and her husband mental distress.

## COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

52. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant called Plaintiff and her husband every day;

b. Defendant violated §1692d(5) of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff and her husband after they requested Defendant stop calling them;

c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant threatened to garnish Plaintiff's husband's wages, and stated Defendant would seek alternative ways to have the alleged debt paid if Plaintiff's husband did not pay the alleged debt; and

d. Defendant violated §1692g(b) of the FDCPA by overshadowing the disclosure of the consumer's right to dispute the debt, when Defendant demanded immediate payment of the alleged debt from Plaintiff's husband without first informing him of his right to dispute the debt.

WHEREFORE, Plaintiff, DENA PHILLIPS, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following:

7

53. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

54. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

55. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff repeats and re-alleges paragraphs 1-51 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

57. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.10(e) of the RFDCPA by threatening to any person that nonpayment of the consumer debt may result in the garnishment or attachment of wages of the debtor, when Defendant threatened to garnish Plaintiff's husband's wages if he did not pay the alleged debt;

   b. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant continued to call Plaintiff and her husband after they requested Defendant stop calling them;

   c. Defendant violated the §1788.11(e) of the RFDCPA by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, when Defendant called Plaintiff and Plaintiff's husband every day;

   d. Defendant violated the §1788.13(j) of the RFDCPA by collecting or attempting to collect a consumer debt by the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, when

Defendant told Plaintiff's husband Defendant would seek alternative ways to have the alleged debt paid if Plaintiff's husband did not pay the alleged debt; and

e. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, DENA PHILLIPS, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following:

58. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

59. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

60. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

61. Plaintiff repeats and re-alleges paragraphs 1-51 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

62. Defendant's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

63. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant

to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, DENA PHILLIPS, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following:

66. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

67. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

68. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

69. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  November 11, 2014                    AGRUSS LAW FIRM, LLC


By: /s/  Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
DENA PHILLIPS